UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DANILO AUGUSTO FELICIANO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT KYLE ARDOIN, et al.,<br><br>Defendant. | Civil Action No. 23-3467 (CJN)<br><br>UNDER SEAL |

**UNITED STATES' NOTICE OF DECLINATION AND SUGGESTION OF DISMISSAL**

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(4)(B), the United States respectfully notifies the Court that it hereby declines to intervene in this action. Additionally, the United States suggests that the Court dismiss this action because the Relator is proceeding in this False Claims Act matter *pro se*, in contravention of the law of the D.C. Circuit and every other appellate court to consider the issue.[1] The United States further suggests that this Court dismiss counts four and five of Relator's complaint with prejudice, as those are premised on criminal remedies for which there is no *qui tam* provision or private right of action.

A proposed order accompanies this filing.

## I. *Pro se* Relators Cannot Litigate False Claims Act Causes of Action on Behalf of the United States.

Relator filed this matter, *pro se*, under seal in 2023. To the United States' knowledge, the Relator has not been represented by counsel at any point during this litigation. Prior to declination,

[1] In the event Relator retains counsel, the United States reserves the right to dismiss the case on any other available grounds, including the public disclosure bar, 31 U.S.C. § 3730(e)(4)(A), and under 31 U.S.C. § 3730(c)(2)(A).

the United States advised the Relator that if he did not obtain counsel, his case was subject to dismissal. The United States now suggests that the case be dismissed on that basis.

It is well-accepted that a *pro se* relator may not pursue a False Claims Act suit on behalf of the government. The D.C. Circuit has held at least four times that a relator "may not pursue pro se [a] qui tam action under the False Claims Act." *United States ex rel. Lovern v. Deutsche Bank Trust Co. Ams.*, 2015 WL 2226230 (D.C. Cir. May 6, 2015) (per curiam); *see also Jones v. Jindal*, 409 Fed. App'x 356 (D.C. Cir. Feb. 10, 2011) (per curiam) ("a pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act."); *Segelstrom v. Citibank, N.A.*, 617 Fed App'x 4 (D.C. Cir. Sept. 18, 2015) (per curiam) (district court "correct held that pro se plaintiffs . . . may not file a qui tam action pursuant to the False Claims Act"); *Stevens v. Dep't of Health & Hum. Servs.*, 377 F. App'x 16 (D.C. Cir. Apr. 23, 2010) (per curiam) ("pro se plaintiffs may not file a qui tam action pursuant to the False Claims Act").

Indeed, every circuit court to address whether *pro se* relators could proceed with a False Claims Act case following declination has concluded that they may not do so. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. Apr. 21, 2015) (per curiam); *Wojcicki v. SCANA Corp.*, 947 F.3d 240 (4th Cir. 2020); *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017); *United States ex rel. Tingley v. 900 Monroe*, 106 F. App'x 466 (6th Cir. Sept. 3, 2004); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer"); *United States v. Onan,* 190 F.2d 1, 6–7 (8th Cir. 1951), *rev'd on other grounds*, 556 U.S. 928 (2009); *Stoner v. Santa Clara Cnty. Off. of Educ*., 502 F.3d 1116, 1126–27 (9th Cir. 2007); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008).

The structure of the False Claims Act permits relators to bring suit on behalf of the federal government. 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government.") In light of this structure, courts have repeatedly observed that it is critical that the interests of the United States be vindicated by learned counsel rather than a *pro se* litigant. As the Fourth Circuit explained:

> a relator cannot pursue a qui tam FCA suit pro se. Though the FCA's "partial assignment" of a claim "gives the relator himself an interest in the lawsuit," that right to recovery is inextricably bound up with the Government's interest [citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 772-773 (2000)]. . . . If we were to allow a qui tam plaintiff to proceed pro se, the government could be bound by an adverse judgment in the action. Moreover, because the FCA only allows for one person to bring a qui tam action based on the specific underlying facts, allowing a pro se relator to pursue a claim could very well prevent another better-equipped plaintiff from pursuing the claim.

*Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020); *see also, e.g., Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 763 (5th Cir. 2001) ("A relator may make sweeping allegations that, while true, he is unable effectively to litigate, but which nonetheless bind the government, via *res judicata*, and prevent it from suing over those concerns at a later date when more information is available."); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) ("A rule that limits legal representation (except self-representation) to lawyers operates to filter out frivolous litigation that can redound to the harm of the represented party, especially when as in this case the representative is a volunteer.").

## II. <u>Counts Four and Five of Relator's Complaint Should be Dismissed with Prejudice.</u>

Counts four and five of Relator's complaint purport to seek relief directly under criminal statutes for which Relator has no statutory right nor standing to assert claims. Specifically, count four cites 52 U.S.C. § 20701, which imposes as a criminal penalty a fine or imprisonment for a violation of that statute, and count five cites 18 U.S.C. § 1001, which imposes a fine or

imprisonment for false statements within the jurisdiction of the United States. There is no private right of action or *qui tam* provision under those statutes, and therefore they must be dismissed. *See, e.g., Jean-Baptiste v. Dep't of Just.*, Civ. A. No. 23-2968 (TNM), 2024 U.S. Dist. Lexis 12306, at *3-4 (D.D.C. Jan. 24, 2024) ("private parties lack standing and a cause of action to enforce the criminal law"); *Huang v. Wheeler*, 215 F. Supp. 3d 100, 107 (D.D.C. 2016) ("to the extent [a private party plaintiff] seeks to assert criminal charges. . ., under either state or federal law, [the person] lacks standing to bring these causes of action").

## CONCLUSION

For the foregoing reasons, the United States suggests that the Court dismiss the action based on Relator's *pro se* status. The Court should also dismiss counts four and five with prejudice. A proposed order is submitted with this filing.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN HUDAK
Chief, Civil Division



DARRELL VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of July 2024, a true and correct copy of the above and foregoing United States' Notice of Declination and Suggestion of Dismissal and proposed Order was served via first-class mail, postage pre-paid, and by electronic mail on relator at the below address.

Daniel Feliciano
1313 New York Ave. NW, Basement
Washington, D.C. 20005
Daniloafeliciano@gmail.com

DARRELL C. VALDEZ
Assistant United States Attorney