UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DANILO AUGUSTO FELICIANO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT KYLE ARDOIN, et al.,<br><br>Defendant. | Civil Action No. 23-3467 (CJN) |

## UNITED STATES' OPPOSITION TO RELATOR'S MOTION FOR CLARIFICATON AND/OR RECONSIDERATION

On July 29, 2024, the Court entered an Order dismissing this action, ECF No. 22, pursuant to the Suggestion of Dismissal filed by the United States.[1]  The Suggestion of Dismissal explained that relator could not pursue this False Claims Act case because a relator cannot proceed *pro se* under the False Claims Act to assert claims on behalf of the Government.  ECF No. 12.  It also noted that relator's complaint listed two counts based on criminal statutes that relator, as a private citizen, has no standing to enforce.  *Id.*  On the basis of that filing, the Court dismissed the False Claims Act counts without prejudice and the criminal counts with prejudice to the relator.  ECF No. 22.

The relator thereafter filed a motion to "clarify and/or reconsider" the Order on August 21, 2024.  ECF No. 28.  The motion does not present any new information, arguments, or intervening changes in the law and should therefore be denied.

---

[1] The Court's Order also unsealed the case.  However, the case remained sealed on PACER until August 27, 2024.  The parties did not actually receive the Order until August 19, 2024.

## ARGUMENT

Because the relator's motion seeks to alter or amend a final judgment and was filed within 28 days of the Court's Order dismissing the case, the motion is properly treated under Fed. R. Civ. P. 59(e).  "Rule 59(e) permits reconsideration when 'there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Nat'l Pub. Radio, Inc. v. FBI*, 539 F. Supp. 3d 1, 7 (D.D.C. 2021) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)).

Relator's motion does not, and does not purport to, argue that any of these factors has been met.  Rather, relator merely reemphasizes his concern with the manner in which the State of Louisiana conducts elections.  Relator further argues that the Court's Order did not explain its reasoning, but that is not necessary as the Court's Order followed the Government's filing setting forth the legal basis for why relator cannot bring a criminal action or pursue False Claims Act claims on behalf of the United States *pro se*.  Accordingly, there is no basis for the Court to clarify and/or reconsider its Order dismissing the case.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Relator's Motion to Clarify and/or Reconsider its Order dismissing the case.

2

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN HUDAK
Chief, Civil Division


    */s/ Darrell Valdez*
DARRELL VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August 2024, a true and correct copy of the above and foregoing United States' Opposition to Relator's Motion to Clarify and/or Reconsider was served via email and first-class mail, postage pre-paid, on relator at the below address.

> Daniel Feliciano
> 21 Highland Dr.
> East Aurora, NY 14052
> daniloafeliciano@gmail.com

 /s/ *Darrell C. Valdez*
DARRELL C. VALDEZ
Assistant United States Attorney